**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
_Atlanta_   DIVISION**

_Elijah Jimmy Williams JR_
(Print your full name)

Plaintiff *pro se*,

v.

_Robert Wilkie, secretary_
_Department of Veterans Affairs_

_____
(Print full name of each defendant; an
employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:21-CV-1071**

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.  This employment discrimination lawsuit is brought under (check only those
    that apply):

    ___✓___   Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et
    seq., for employment discrimination on the basis of race, color,
    religion, sex, or national origin, or retaliation for exercising rights
    under this statute.

    **NOTE:** To sue under Title VII, you generally must have
    received a notice of right-to-sue letter from the Equal
    Employment Opportunity Commission ("EEOC").

✓     Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

✓     Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____     Other (describe) _____

_____

_____

_____

_____

_____


2.     This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3.   **Plaintiff.**   Print your full name and mailing address below:

Name    _Elijah J Williams JR_

Address    _1822 Amber Court_

_Lithonia Ga  30058_

4.   **Defendant(s).**   Print below the name and address of each defendant listed on page 1 of this form:

Name    _Department of Veterans Affairs_

Address    _1670 Clairmont Road_

_Decatur Ga.  30033_

Name    _____

Address    _____

_____

Name    _____

Address    _____

_____

## Location and Time

5.   If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

_____

_____

6.   When did the alleged discrimination occur?  (State date or time period)

_April 17, 2017_

## Administrative Procedures

7.   Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?      ✓ Yes            _____ No

If you checked "Yes," attach a copy of the charge to this complaint.

8.   Have you received a Notice of Right-to-Sue letter from the EEOC?

✓ Yes            _____ No

If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _December 17, 2020_

9.   If you are suing for **age discrimination,** check one of the following:

_____        60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

_____        Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

__✓__ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

The AJ assigned to the matter a summary judgment decision in favor of the Agency finding the complainant was not subjected to discrimination of reprisal retiliation

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

_____ failure to hire me
_____ failure to promote me
_____ demotion
_____ reduction in my wages
___✓___ working under terms and conditions of employment that differed from similarly situated employees
___✓___ harassment
___✓___ retaliation
_____ termination of my employment
_____ failure to accommodate my disability
_____ other (please specify) _Agency refused to Reasonable accomodate to another area._

13. I believe that I was discriminated against because of (check only those that apply):

_____ my race or color, which is _____
_____ my religion, which is _____
_____ my sex (gender), which is _____ male _____ female
_____ my national origin, which is _____
_____ my age (my date of birth is _____)
_____ my disability or perceived disability, which is:

___✓___ _____

my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

_____ other (please specify) _____

_____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

Se Attachment

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15.   Plaintiff  _____   still works for defendant(s)
             ___✓___   no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for
      reasonable accommodation?  __✓__ Yes  _____ No

      If you checked "Yes," please explain: _Prosthetic Service_
      _line would'nt accommodate within_
      _even though I qualifyed for other Jobs_
      _within and at the hospital the chose_
      _to fire me even after I work in Telephone_
      _advice for one Year before fireing me_

17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury
      trial.  Do you request a jury trial?  _____ Yes _____ No

                        **<u>Request for Relief</u>**

As relief from the allegations of discrimination and/or retaliation stated above,
plaintiff prays that the Court grant the following relief (check any that apply):

_____      Defendant(s) be directed to _____

__✓__      Money damages (list amounts) $600,000 to 100,000,000

__✓__      Costs and fees involved in litigating this case

__✓__      Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this _16_ day of _March_ , 20_21_

_Elijah J Williams_
(Signature of plaintiff *pro se*)

_Elijah J Williams JR_
(Printed name of plaintiff *pro se*)

_1822 Ambar court_
(street address)

_Lithonia Ga 30058_
(City, State, and zip code)

_ElijahWilliams1970@gmail.com_
(email address)

_(770) 866-6951_
(telephone number)

I am correcting the Occurrence and sending in the timeline as I read it over the phone. # 1, 2 is what I wrote for the  January 11, 2016

1. HR specialist Kevin Jones, Schontae Snider, Melvin Majied, and John (Butch) Barnes are in Violation of Title VII. These prosthetic managers are acting together toward the goal of forcing me out of the Prosthetic Service line. I believe these are actions of bullying and retaliation and are manifestations of discrimination in regards to my Race, Disability, and Age.

2.  On 1/11/2016 around 2:45pm, Mr. **Joshua Fillinger called VA Police on me without any justification**. **The Police arrived and directed me to leave my work area.**  I asked them for the reason and indicated that I had not done anything wrong. The officer said I had to leave because Mr. Fillinger wanted me out of the work area. This incident is nothing more than Mr. Fillinger bullying me within my workplace and bringing public embarrassment to me. Mr. Fillinger has created a **hostile working environment** along with John Barnes, Melvin Majied, and Kevin Jones because of protected activities that I participated in from 2011-2014, serving as an AFGE officiate. This was the fifth incident of bullying in the workplace.

3. The first incident occurred, when Agency Melvin Majied fail to complete his half of OWCP CA-2 form to be sent to Department of labor over three years ago and again on October 9, 2014; the Agency failure to process CA-1 and CA-2 forms are failure to track injury and illness on job.

4. Second incident was around May 2015, at the time that Mr. Fillinger came on board with prosthetics. He told everyone to meet him at the front door effectively forcing us to walk out together. When I told him this was a **change in working condition**, he argued that it was not a change and tauntingly said, "I thought you knew the Master Agreement."

5. The Third incident of bullying and retaliation occurred, June 2015. Mr. Fillinger approved my paid time off, after I presented a letter from my mother's doctor concerning a critical illness. Once the dates for, against the outlines of the **Family Medical Leave Act (FMLA) I was denied** after a week of being off. When I inquired Mr. Fillinger about it, he told me that HR Specialist, Kevin Jones, told him to deny me. Director Leslie Wiggins subsequently told Mr. Jones to rectify the issue. The whole month of June, I did not receive any pay, even after Director Wiggle told Mr. Jones to take care of the issue.

6. Fourth issue rises from my request to have reasonable accommodations. On October 15, 2015, my request was subsequently denied without the presence of the Union or myself. Medical documentation, signed on September 09, 2015 by a VA Doctor, states that my disability is aggravated by the present workplace.

7. **On February 12, 2016,** Kevin Jones had talks with the Union and myself for the first time since September 2015. Mr. Jones and Mr. Fillinger both refused to reasonably accommodate me pursuant to my request. They only have offered me lower positions. Additionally, they would not agree to help me obtain the Prosthetic Representative (GS 11) position in prosthetics, chaplain position, or the Labor/Management job. I qualify for them all. I applied for them within the Atlanta VA. Under Title 38:4214

8. On **February 13, 2016** I got a tip that Mr. Kevin Jones and Joshua Fillinger was planning on propose a removal on me. (see attachment) On Friday February 26, 2016 after give Mr. Jones two weeks to find an accommodation for me; he has ignored me and my representative. On today (2/29/16) I went to Mr. Jones office and he still don't have an accommodation and is attempting to implement his plan.

3

9. Everything that I have attempted to do is according to the law. The parties involved have chosen to try to circumvent my rights according to Title VII, even after I have given them knowledge of all issue in advance.

10.    I am request to be awarded the highest damages allowed ~~$200,000~~ and if I prove Bulling and Retaliation I am requesting ~~$3,000,000~~ according to the law and these incompetent managers be fired from their positions for these awful acts and be replace with someone who truly cares about Veterans.

Thanks in Advance

Elijah J. Williams Jr.

4

C - 18

# Interoffice

# Memo

**Date:**   01/04/2016

**To:**   Elijah J. Williams, Restoration Technician

**Cc:**   Joshua Fillinger, Prosthetic Program Manager (VISN 7)

**From:**   Melvin A. Majied, Restoration Clinic Supervisor – Atlanta VA Medical Center

**RE:**   Instructions For Rating Period October 1, 2015 to March 31, 2016

---

1.  Use prosthetic time wisely per your PD (Position Description) for improvements in the restoration clinic

2.  Plan and coordinate with associated restoration techs the follow up assessments for patients by utilizing CPRS notes
    a.   Mail items as required to beneficiaries.

3.  Assign accurate HCPCs and ICD Codes to all issued items.
    a.   Accurate HCPCs and ICD Diagnosis Codes are located in the Prosthetic VISTA Package.

4.  Take an active role in the order of supplies for the restoration clinic.

5.  Use Prosthetics VistA Suite Suspense and CPRS records for completing progress notes and OWLs (Lab Work Orders)

6.  Use CPRS records to initiate consults for replacement restoration devices and supplies

7.  When it is necessary, use PPE (personal protective equipment), especially while polishing and finishing secondary ocular prostheses

8.  Failure to participate in the restoration clinic activities will constitute a status of AWOL (absent without leave).

9.  This includes sitting at an assigned work station.

5

**VA** Department of Veterans Affairs

## APPROVAL OF INTERIM ACCOMMODATION

**1. NAME OF EMPLOYEE**
Elijah J. Williams

**2. THE PURPOSE OF THIS FORM IS TO CONFIRM THAT I AM APPROVING AN INTERIM ACCOMMODATION UNTIL:**

☐ THE REQUESTED ACCOMMODATION IS AVAILABLE

☒ A COMPLETED VA FORM 0857e *(Medical Documentation)* IS SUBMITTED *(see explanation in 5 below)*

**3. THE INTERIM ACCOMMODATION WILL BE PROVIDED BY THIS DATE** 12/15/2014

**4. THE INTERIM ACCOMMODATION WILL BE:**
You will be working in the Purchasing Agent section as a Prosthetic clerk.  Your duties will include sorting and delivering of incoming mail; answering and directing incoming phone calls. You will provide coverage for the reception desk during lunch and breaks.

**5. AT THIS TIME, WE DO NOT HAVE DOCUMENTATION TO VERIFY THAT YOU HAVE A DISABILITY, AND YOUR DISABILITY IS NOT VISIBLE. THEREFORE, BY GRANTING THIS INTERIM ACCOMMODATION, WE ARE NOT REGARDING YOU AS A PERSON WITH A DISABILITY COVERED BY THE REHABILITATION ACT.  WHEN YOU SUBMIT THE OCMPLETED VA FORM 0857e, THEN WE WILL BE ABLE TO MAKE A DETERMINATION.**

YOU HAVE INDICATED THAT YOU CAN OBTAIN AN APPOINTMENT WITH YOUR TREATING PHYSICIAN BY 9/3/2015 . THEREFORE, I WILL EXPECT TO RECEIVE THE COMPLETED VA FORM 0857e BY 9/4/2015 .  IF I DO NOT RECEIVE IT BY THAT DATE, YOUR INTERIM ACCOMMODATION WILL EXPIRE.

**6. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT ME VIA THE EMAIL ADDRESS OR PHONE NUMBER PROVIDED BELOW.  YOU MAY ALSO CONTACT THE LRAC OR ALRAC.**

| 7. DMO EMAIL | 8. DMO PHONE NUMBER | |
|---|---|---|
| Joshua.Fillinger@va.gov | 4043216111 x7626 | |
| 9. LRAC EMAIL | 10. LRAC PHONE NUMBER | |
| Schontae.Snider@va.gov | 4043216111 x7198 | |
| 11. ALRAC EMAIL | 12. ALRAC PHONE NUMBER | |
| KJones@va.gov | 4043216111 x7173 | |

*This form should be retained separately from the employee's Official Personnel Folder.*

VA FORM
MAY 2013  **0857c**

**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**ATLANTA DISTRICT OFFICE**
100 Alabama Street, S.W., Suite 4R30
Atlanta, GA 30303

Elijah Williams,                          )
     Complainant,                    )     EEOC No. 410-2018-00297X
                                             )     Agency No. 200I-0508-2018100877
v.                                             )
                                             )
Robert Wilkie, Secretary,             )
Department of Veterans Affairs,    )
     Agency.                            )     Date: May 13, 2019

## NOTICE OF PROPOSED SUMMARY JUDGMENT

After a review of the record, I have determined that there appear to be no issues of material fact or credibility to be determined at a hearing. As such, the parties are hereby given notice that I am considering issuing Summary Judgment in favor of the Agency. 29 C.F.R. § 1614.109(g)(3) (2017).

### A. Claims

Whether the complainant was discriminated against based on disability and reprisal (Prior EEO activity) when, as of November 29, 2017, the VISN 7 Human Resources Officer (Kevin Jones) and a Human Resources Specialist (John Bangert) had "consistently delayed" in completing and processing his application for disability retirement based on his medical condition.

### B. Legal Standards for Summary Judgment

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other evidence establish no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* 29 C.F.R. §1614.109(g); *see also Murphy v. Department of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003) (noting that the regulation governing decisions without a hearing is modeled after the Federal Rules of Civil Procedure, Rule 56). Only disputes over facts that might affect the outcome of the suit under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material factual disputes include credibility disputes where two or more people have different versions of the relevant event, and the determination of that credibility dispute will affect the outcome of the case. There is no genuine issue of material fact if the relevant evidence in the record, taken as a

whole, indicates that a reasonable fact-finder could not return a verdict for the party opposing summary judgment. *Id.*

When opposing a properly supported motion for summary judgment, a party must respond with *specific facts* showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 250. An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, s/he must go beyond the pleadings and support her/his contentions with proper documentary evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson*, 477 U.S. at 248-49.

### C. Substantive Burdens of Proof

In the absence of direct evidence, Complainant initially must establish, by a preponderance of the evidence, at least a *prima facie* case of discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

For a case involving different treatment regarding terms and conditions of employment, a Complainant present a *prima facie* case by proving that as a member of a protected group, s/he was treated differently than similarly situated persons not of his/her protected group. *Furnco Constr. Co. v. Waters*, 438 U.S. 567 (1978).

For an age discrimination case, Complainant may present a *prima facie* case by presenting evidence that s/he was treated differently from someone significantly younger. *O'Connor v. Consolidated Coin Caterers Inc.*, 517 U.S. 308, 313 (1996).

For a promotion/hire case, Complainant may present a *prima facie* case by showing that as a member of a protected group: (1) s/he applied for a position; (2) s/he was not selected; and (3) the Agency continued to seek applicants of similar qualifications. *Hicks*, 509 U.S. at 506; *Burdine*, 450 U.S. at 253; *McDonnell Douglas*, 411 U.S. at 802.

For a retaliation case, Complainant may establish a *prima facie* case of reprisal by showing that: (1) s/he engaged in a protected activity; (2) the agency was aware of the protected activity; (3) subsequently, s/he was subjected to adverse treatment by the agency; and, (4) a nexus exists between the protected activity and the adverse treatment. *Whitmire v. Dep't of the Air Force*, EEOC Appeal No. 01A00340 (Sept. 25, 2000). "The Commission has held that this causal connection may be shown by evidence that the adverse action followed the protected activity within such a period of time and in such a manner that a reprisal motive is inferred." *See Lee v. Dep't of Interior*, EEOC Appeal No. 01A62376 (Aug. 25, 2006) (citing *Simens v. Dep't of Justice*, EEOC Request No. 05950113 (March 28, 1996)).

For a case of disability discrimination under section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, Complainant may establish a *prima facie* case by showing that: (1)

s/he is an individual with a disability as defined by 29 C.F.R. § 1614.203(a); (2) s/he "qualified" for the position held or desired as defined by 29 C.F.R. § 1630.2(m); (3) s/he was subjected to an adverse employment action; and (4) the circumstances surrounding the adverse action give rise to an inference of discrimination. *See Lawson v. CSX Transportation, Inc.,* 245 F.3d 916 (7th Cir. 2001); *see also* 42 USC § 1211 (8).

If Complainant establishes a *prima facie* case of discrimination and/or retaliation, the burden shifts to the Agency to articulate a legitimate, nondiscriminatory reason for the challenged actions. *Burdine,* 450 U.S. at 253-54; *McDonnell Douglas,* 411 U.S. at 802. If the Agency does so, the *prima facie* inference drops from the case. *Hicks,* 509 U.S. at 507, 510-11. Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Burdine,* 450 U.S. at 253; *see Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000); *Hicks,* 509 U.S. at 511; *McDonnell-Douglas,* 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her/him. *Hicks,* 509 U.S. at 511; *U.S. Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

Harassment of employees that would not occur but for Complainant's protected basis/es is unlawful if sufficiently severe or pervasive. *Wibstad v. U.S. Postal Service*, EEOC Appeal No. 01972699 (Aug. 14, 1998). To warrant a hearing on a claim of discriminatory harassment, Complainant must present enough evidence to raise a genuine issue of material fact as to whether, because of the alleged basis/es, s/he was subjected to conduct so severe or pervasive that a reasonable person in her/her position would have considered it hostile or abusive. *See* 29 C.F.R. § 1614.109(g); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993) ([T]he very fact that the discriminatory conduct was so severe or pervasive that it created a work environment abusive to their employees because of their race, gender, religion or national origin offends Title VII's broad rule of workplace equality). That conduct should be evaluated from the objective viewpoint of a reasonable person in the victims' circumstances. *Enforcement Guidance on Harris v. Forklift Systems, Inc.*, EEOC Notice No. 915.002 (March 8, 1994). Only if Complainant satisfies her burden of proof with respect to both of these elements, motive and hostility, will the question of Agency liability for harassment present itself. *Complainant v. Dep't of Veterans Affairs*, EEOC Appeal No. 0120132783 (Sept. 11, 2015). Further, if Complainant fails to raise a genuine issue of material fact as to the existence of discriminatory intent on the part the responsible management officials, "no further inquiry would be necessary as to whether the incidents complained of are severe or pervasive to rise to the level of harassment or constitute separate acts of discrimination under disparate treatment theory." *Nicki D. v. Dep't of Veterans Affairs*, EEOC Appeal No. 0120133247 (Oct. 15, 2015).

## GROUNDS FOR SUMMARY JUDGMENT

I propose to issue summary judgment in this case on the grounds that taking the facts as presented in the Report of Investigation (ROI) and viewing the evidence in the light most favorable to Complaint, he has failed to present sufficient evidence to show that he was discriminated against based on reprisal and disability.

Responsible Management Official ("RMO") John Bangert testified that he was unaware of Complainant's prior EEO activity and that he did not delay in completing and processing Complainant's application for disability retirement, but rather he reviewed it and initially thought Complainant was eligible for a voluntary retirement. However, RMO Bangert further testified that he received the disability application in September 2017 but found out complainant's last day of work was in April 2017, which made him ineligible for voluntary retirement. Complainant's application for disability retirement also required longer processing because he failed to submit Form SF3107 and proof of applying for Social Security Disability with his disability retirement application, both of which are required forms. I also find that Complainant has not offered any evidence to show that the Agency's articulated reasons are pretextual. Complainant must come forth with some evidence to raise an inference that the Agency's actions were based on a prohibited basis of his disability or in reprisal. The record is devoid of such evidence.

## TIME AND MANNER OF THE PARTIES' RESPONSES

The parties are hereby **ORDERED** to respond to this Notice.

To oppose summary judgment, a party must respond with specific evidence showing that there is a genuine dispute as to a material fact, that is, a fact that could impact the outcome of the case. *Anderson*, 477 U.S. at 250. A party opposing summary judgment may not rest on mere allegations or denials, but must offer specific evidence indicating the presence of a genuine issue of material fact. The party should cite to specific evidence contained in the Report of Investigation (ROI) that creates a factual dispute regarding a material issue in the case. If not already contained in the ROI, the party should also include any relevant documentary evidence or witness statements, interrogatory answers, admissions, or other supporting materials and provide a clear and specific statement of their relevance.

Evidence submitted in support of or in opposition to summary judgment must be competent (*i.e.*, relevant and capable of being relied upon, such as affidavits (sworn or attested written statements under penalty of perjury)). Where information is compiled from agency records, the party offering the evidence shall provide a declaration from the person preparing the evidence regarding the method of preparation. The parties should address the *prima facie* case; articulation; and pretext prongs as explained in the section titled Substantive Burdens of Proof. *Unless a party demonstrates that there is a genuine issue of material fact in dispute, no hearing will be held in this matter.*

Responses are not to exceed 15 pages, doubled-spaced, 12-point font, with one-inch margins. The 15-page limitation does not include any additional evidence, not already in the record, that the parties submit in support of their arguments.

The parties' responses shall be submitted by electronic mail to yasmin.yanthis-bailey@eeoc.gov by **May 28, 2019 or by Fax to: 404-562-6910** (received by Fax, only if electronic mail is not an option for Complainant). The Agency must upload its submission to the EEOC electronic portal. After reviewing the parties' responses and examining the record, I will determine whether summary judgment is appropriate, and issue a decision or an order as

appropriate.

I remind the parties that failure to comply with the Orders issued in this case without good cause may be grounds for sanctions, up to and including judgment in favor of the opposing party, pursuant to EEOC Regulations at 29 C.F.R.§ 1614.109(f)(3) (2017).   The parties are forewarned that no extensions shall be granted.


It is so ORDERED.


For the Commission:

_____
Yasmin Yanthis-Bailey
Administrative Judge



I hereby certify that on May 13, 2019  I sent the Notice of Proposed Summary Judgment to:

Elijah Williams, Complainant
1822 Amber Ct
Lithonia, GA 30058
and
Steelwill59@aol.com

Dr. Don T.D. Gala
P.O. Box 302
Hixson, TN 37343-0302
and
ddgala@doctor.com

Sophia Haynes, Esq.
sophia.haynes@va.gov


Also uploaded via Fedsep



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Elijah J. Williams, Jr., a/k/a
Garret W.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs
(Veterans Health Administration),
Agency.

Appeal No. 2019005825

Hearing No. 410201800297X

Agency No. 200I05082018100877

## DECISION

Complainant timely appealed, pursuant to 29 C.F.R. § 1614.403, from the Agency's August 21, 2019 Final Order concerning an equal employment opportunity ("EEO") complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791 et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant was a retired Agency employee having worked as a Health Tech (Restoration), GS-9, at the Decatur VAMC in Decatur, Georgia.

On December 8, 2017, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of disability (physical, mental, disabled veteran) and reprisal for prior protected EEO activity when;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

As of November 29, 2017, the VISN 7 Human Resources Officer ("HR") and a Human Resources Specialist ("HS") had "consistently delayed" in completing and processing his application for disability retirement based on his medical condition.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation ("ROI") and notice of right to request a hearing before an Equal Employment Opportunity Commission ("EEOC" or "Commission") Administrative Judge ("AJ"). Complainant timely requested a hearing. On May 13, 2019, the AJ notified the parties *sua sponte* of an intent to issue a decision without a hearing. The parties timely responded, and the AJ issued a decision by summary judgment in favor of the Agency on August 16, 2019.

The record includes the following facts:

Effective April 24, 2017, Complainant was removed from employment with the Agency. He challenged the removal (among other things) in a mixed case before the Merit Systems Protection Board ("MSPB").[2] Complainant and the Agency resolved the matter on August 10, 2017, by entering into a settlement agreement ("the Agreement"). At the MSPB AJ's suggestion, Complainant decided to pursue disability retirement. Provision 2(b) of the Agreement directed the Agency to replace Complainant's existing SF-50, to reflect removal for "medical inability", thereby allowing him to pursue disability retirement.

On September 7, 2017, HS emailed Complainant directly, introducing himself as the Retirement Specialist assigned to assist him with his Disability Retirement Application. HS provided Complainant with forms and detailed instructions for applying for immediate retirement, which he explained would allow Complainant "to retire as quickly as you want," as well as for Disability Retirement. HS specified to Complainant that he completed what he could of Complainant's SF3107 (required for both disability and immediate retirement) but needed additional information. He also noted that Complainant needed to provide an SF3112C containing medical documentation "to support the disabilities you are stating that are making it impossible to work."

On September 14, 2017, Complainant's non-legal representative notified HR, Agency Counsel, and HS, that Complainant was only interested in Disability Retirement, and stated he submitted the paperwork. HS also acknowledged in the record that he had made a mistake when he first emailed, as he had not realized Complainant left the Agency over 30 days earlier, making him ineligible for immediate retirement. The necessary changes to the SF-50, which would allow Complainant to qualify for Disability Retirement were timely completed on September 22, 2017. The Disability Retirement application was completed on or about November 3, 2017.

The Agency issued its Final Order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

---

[2] MSPB No. AT0752170467I1, Agency No. 200105082017104206

3                                                        2019005825

## ANALYSIS AND FINDINGS

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's Final Order adopting them, *de novo*. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus.

*Dissatisfaction with Complaint Processing*

EEOC Regulation 29 C.F.R. § 1614.108(b) requires that the Agency develop an impartial and appropriate factual record. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (MD 110), Ch. 6, § I (Aug. 5, 2015). An appropriate factual record is one that allows a reasonable factfinder to draw conclusions as to whether discrimination occurred. Id.

The AJ shall have the power to regulate the conduct of a hearing. 29 C.F.R. § 1614.109(e). The AJ has full responsibility for the adjudication of the complaint. EEO Management Directive 110 ("MD-110") (Aug. 5, 2015), Ch. 7 § III(D). This responsibility gives the AJ wide latitude in directing the terms, conduct, or course of EEOC Administrative hearings. Douglas F. v. Equal Employment Opportunity Commission, EEOC Appeal No. 0120122183 (Dec. 4, 2015) (other citations omitted).

Complainant alleges that the investigation into his complaint was biased and incomplete. He further alleges that he was denied due process because the AJ issued a decision without providing the parties with an opportunity to engage in discovery. For reasons further discussed in our Disparate Treatment analysis, we find the record was sufficiently developed so that a "reasonable fact finder to draw conclusions as to whether discrimination occurred." 29 C.F.R. § 1614.108(b). Moreover, the AJ provided the parties with an opportunity to respond prior to issuing a decision by Summary Judgment, and Complainant did not provide evidence that a question of material fact existed to warrant further developing the record. The AJ did not err in issuing a decision without providing the parties with an opportunity to engage in discovery.

4                                                       2019005825

*Disparate Treatment*

A claim of disparate treatment based on indirect evidence is examined under the three-part analysis first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). For Complainant to prevail, he or she must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. McDonnell Douglas, 411 U.S. at 802; Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its actions. Texas Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the Agency has met its burden, Complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the Agency acted on the basis of a prohibited reason. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the Agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the McDonnell Douglas analysis, the ultimate issue of whether Complainant has shown by a preponderance of the evidence that the Agency's actions were motivated by discrimination. U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 713-714 (1983); Hernandez v. Dep't. of Transp., EEOC Request No. 05900159 (June 28, 1990); Peterson v. Dep't of Health and Human Serv., EEOC Request No. 05900467 (June 8, 1990); Washington v. Dep't. of the Navy, EEOC Petition No. 03900056 (May 31, 1990).

The Agency's legitimate nondiscriminatory reasons for the delay in processing Complainant's Disability Retirement package were that HS experienced complications in obtaining documents. Initially, Complainant did not submit the SF 3112C form. Also, it took HS additional time to obtain a required statement from a former supervisor because Complainant was assigned multiple supervisors during his final year working for the Agency. Complainant does not dispute these legitimate nondiscriminatory reasons.

Complainant questions the propriety of relying on HS's testimony, arguing that he was denied due process when he was not offered an opportunity cross examine HS. He also argues that he was denied due process when HR did not provide testimony for the record, because HS was merely HR's subordinate, and HR was the point of contact for Complainant's non-legal representative. However, Complainant's non-legal representative acknowledges that he and HR primarily communicated by email, and we have thoroughly reviewed their email correspondence in reaching this Decision. We find this sufficient, given that HR was on sick leave during the EEO investigation, and died prior to the hearing. Moreover, HS, an expert in retirement, and assigned to process Complainant's Disability Retirement, had extensive knowledge of the matter. Complainant offers no explanation of what would be determined in cross examination to give rise to a question of material fact that would warrant a hearing.

8                                    2019005825

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Elijah J. Williams, Jr.
1822 Amber Ct.
Lithonia, GA 30058-8359

Don  T. Gala
PO Box 302
Hixson, TN 37343

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Via FedSEP

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
Via FedSEP

August 20, 2020
Date

Compliance and Control Division



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Elijah J. Williams, Jr., a/k/a
Garret W.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 2020005444

Appeal No. 2019005825

Hearing No. 410-2018-00297X

Agency No. 200I-0508-2018100877

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Garret W. v. Dep't of Veterans Affairs</u>, EEOC Appeal No. 2019005825 (Aug. 20, 2020).   EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency.  <u>See</u> 29 C.F.R. § 1614.405(c).

Complainant, a retired former GS-9 Health Tech (Restoration) at the Agency's Medical Center in Decatur, Georgia, filed an EEO complaint alleging that the Agency discriminated against him on the bases of disability and in reprisal for prior protected EEO activity when: as of November 29, 2017, the VISN 7 Human Resources Officer (HR) and a Human Resources Specialist (HS) had "consistently delayed" in completing and processing his application for disability retirement based on his medical condition.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

3                                   '2020005444

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

December 17, 2020
Date

4                                         2020005444

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Elijah J. Williams, Jr.
1822 Amber Court
Lithonia, GA  30058-8359
Via U.S. Mail

Don  T. Gala, PhD
P.O. Box 302
Hixson, TN  37343
Via U.S. Mail

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
Via FedSEP

December 17, 2020
Date

Compliance and Control Division